(Court of Appeal, Parish of Orleans.)

HAROLD A. MOISE vs. A. H. MOISE.

1. To prove a contract exceeding $500, in value, a credible witness and corroborating circumstances are required.
2. When such testimony is unaccompanied by corroborating circumstances, it is surely insufficient to prove the contract, particularly if the party asserting the contract is contradicted by his opponent.

Appeal from Civil District Court, Division "B."

W. S. Benedict, for Plaintiff and Appellee.

John Wagner, for Defendant and Appellant.

DUFOUR, J. The plaintiff alleges that he entered into a contract with defendant to build said plaintiff a residence for a sum not to exceed $3000, including defendant's fees as architect, and that the contract therefor was duly reduced to writing but, through inadvertence, has never been signed but was verbally agreed to and was partly executed.

It is further alleged that through defendant's negligence in supervising of the work and selection of material and delay, plaintiff has been damaged to the extent of $1041.57/100, for which demand is now made.

The defendant admits that he agreed to make plans and specifications for the sum of $275, and avers that he faithfully discharged his obligations, and denies that he entered into a written or verbal contract to build a house for $3000. He further claims in reconvention his commissions.

The first objection made to plaintiff's right to recover is that he has failed to prove his contract or agreement above $500 in value by at least one credible witness and other corroborating circumstances, as required by Art. 2277 R. C. C.

The plaintiff testifies that he entered into a contract which was contained in a written document which the defendant did not sign but verbally accepted. Under this alleged agreement, the defendant was to furnish plans and specifications and erect the building in accordance therewith for a sum of $3000, in-day for the delay after sixty days.

If the building cost more than the amount specified, the de-

fendant was to pay the difference, and, if it cost less, the plaintiff was to reap the benefit.

No other witness corroborates the plaintiff's testimony, and the defendant flatly denies it.

His version is that the only contract he entered into was to make the plans and specifications and supervise the construction of the building for $275.

The matter is one involving, not the credibility of witnesses, but the sufficiency of the evidence.

The surrounding circumstances tend to corroborate the recollection o fthe defendant rather than that of the plantiff.

That the contract was drawn up n writing but not signed would seem to indicate that the defendant refused to sign it because he had not entered into it.

The plaintiff reserved the right to reject any and all bids and material and to discharge workmen, and the subcontractors dealt with defendant as agent and architect of the plaintiff as owner. These facts are not consistent with the plaintiff's theory of the nature of the contract he had made.

There is also evidence of experts to show that the verbal contract declared on by plaintiff is so unreasonable and unusual that no "sane man could sign it."

In 37 An. 380, the Court said:

"To prove a contract exceeding $500 in value, a credible witness and corroborating circumstances are required.

The fact that the only witness to prove it is the party claiming rights, is not sufficient to make him incompetent, but it may diminish his credibility. When such testimony is unaccompanied by corroborating circumstances, it is surely insufficient to prove the contract." 37 An. 380.

See also Id. 95-863.

It is apparent that there are claims and counter-claims between the parties, but in this suit we are not able to pass upon them.

Judgment reversed and it is now ordered that plaintiff's demand and defendant's reconventional demand be both rejected, plaintiff and appellee to pay costs of both Courts, without prejudice to the rights of either party to assert their rights, if any they have, in other proceedings.

February 18th, 1907.

Rehearing refused March 11, 1907.